UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH ARUANNO, | : | Civil No. 09-1250 (SRC) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| SGT. ALLEN, et al., | : | |
| Defendants. | : | |

It appearing that:

1. On March 19, 2009, Plaintiff, a civilly-committed sexually violent predator, submitted to the Clerk for filing a civil rights Complaint form, which states "Please See Attached Complaint and Statement in Support of Complaint," for the statement of facts; two typewritten pages; a three page form application to proceed in forma pauperis by a prisoner; and a typewritten page entitled "STATEMENT IN SUPPORT OF APPLICATION TO PROCEED AS INDIGENT." (Docket entry #1.)

2. In the two typewritten pages attached to the form complaint, which pages Plaintiff apparently intends to be his allegations of fact, Plaintiff asserts:

> On March-27-07 I was questioned about a sign that staff found in a yard window that said "strike" . . .  After explaining I knew nothing about the sign I was grabbed by staff and handcuffed at which point I was taken to the court area to be questioned . . . .  At one point I was left alone in the interrogation room while I heard them in the next room viewing the film at which point I heard Sgt. Allen state, "look, it was Zalinski, not Aruanno . . . we will lock him up anyway," for which they then proceeded to place me in lock-up, or solitary confinement where excessive physical force was used and where I was subjected to verbal abuse as well . . . .

> The entire time I was in lock-up they refused to allow me to have my legal papers, or any property at all, and denied me phone calls to my lawyers or the courts which brings claim one that I was denied access to the courts, my attorneys, etc.
>
> Claim two is the fact that this process denied me due process and equal protection, etc.
>
> Claim three is that when taken to lock-up I was strip searched which amounted to an illegal search. Especially considering they had no probable cause and found nothing illegal.
>
> Claim four is that they used excessive force which caused harm physically and mentally.
>
> And claim five is that because they clearly knew I did not place the sign in the window that their actions were in retaliation for other litigation which amounts to conspiracy.
>
> I submit this complaint as a retaliation complaint because the NJ Department of Corrections constantly threatens my life and retaliates with violence for my filing complaints in reply to the criminal conduct they engage in for which this occurred shortly after I complained about an incident to the NJ DOC that has since become Federal case #08-305 in the District Court of NJ.
>
> Also I was advised to make clear to this court that if it acts on this case without taking proper measures such as ordering the TRO, or Temporary Restraining Order, I request before notifying the defendants which includes the Marshal's service, will place my life and limb in jeopardy.

(Docket entry #1-2, pp. 1-2..)

    3.  The Clerk will not file a civil rights complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted in forma pauperis, status pursuant to 28 U.S.C. § 1915.  See Local Civil R. 5.1(f).  The filing fee for a civil complaint is $350.00.  See  28 U.S.C. § 1914(a).  When a civilly-committed person seeks permission to file a civil complaint in forma pauperis, he is required to submit "an affidavit that

includes a statement of all assets such [person] possesses[,] that the person is unable to pay such fees or give security therefor[; s]uch affidavit shall state the nature of the action . . . and the affiant's belief that the person is entitled to redress." See 28 U.S.C. § 1915(a)(1).

  4. Plaintiff's application to proceed in forma pauperis consists of a form to be used by a prisoner seeking proceed in forma pauperis and one typewritten page, entitled "STATEMENT IN SUPPORT OF APPLICATION TO PROCEED AS INDIGENT". (Docket entry 1-3.) In paragraph two of the form, Plaintiff indicates that he has received money from family during the past 12 months, but he fails to "describe each source of money and state the amount received and what [he] expect[s to] continue to receive," as requested on the form. Plaintiff asserts in his attached statement as follows:

> I ask this court to proceed with this case in indigent status for the following reasons. Mainly the fact that the defendants have taken my job because I refuse to confess to a crime that I am innocent of . . . . And though I have no income I still am forced to bu[y] certain necessities, which has become a problem, such as clothes & laundry detergent . . . . I also have outstanding medical bills and credit card bills as well as court fines and fees and other legal expenses . . . . And in order to eat nutritional food to supplement the small portions they serve here I was forced to bu[y] my own but I cannot do that any longer because I have no income. I also have certain therapeutic expenses which I cannot afford either. But the main reason I am indigent is because I was sent to prison for the first time in my life for a crime I did not commit which has prohibited me from supporting myself.

(Docket entry #1-3.)

  5. Plaintiff's application to proceed in forma pauperis is deficient and fails to satisfy § 1915(a) in that it fails to state the amount of money Plaintiff has in his inmate account, fails to describe each source of money Plaintiff received in the past 12 months, fails to state the amounts

and dates Plaintiff received such money, and fails to indicate what Plaintiff expects to continue to receive, as required by 28 U.S.C. § 1915(a)(1).

6. Although Plaintiff states in a letter (docket entry #2) that "my life is in danger at the hands of the defendants and how any further delay in this case would cause great harm to me[, and] that during this time the defendants have escalated the amount of terror and brutality they are inflicting upon me," neither the Complaint nor Plaintiff's letter provides factual support for Plaintiff's insistence that he is in danger due to past acts of terror and brutality. Thus, this Court concludes that immediate judicial action regarding the claims Plaintiff raises in this Complaint is not required.[1]  See 28 U.S.C. § 1915(b)(4).

7. This Court will accordingly deny Plaintiff's application to proceed in forma pauperis without prejudice to reapplying or to prepayment of the filing fee.

8. An appropriate Order accompanies this Memorandum Opinion.

                                               s/ Stanley R. Chesler  
                                               **STANLEY R. CHESLER, U.S.D.J.**

---

[1] Moreover, this Court's research reveals that Plaintiff has been vigorously litigating four civil complaints concerning the conditions of his confinement in this Court and the Court of Appeals, and that those actions, as well as one habeas petition, are pending before various judges of this Court. Thus, Plaintiff has not been deprived of a forum for his complaints regarding alleged the danger he faces.