<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ARUANNO,<br><br>               Plaintiff,<br><br>v.<br><br>SGT. ALLEN, et al.,<br><br>               Defendants. | Civil No. 09-1250 (SRC)<br><br><u>**OPINION**</u> |

**APPEARANCES:**

    JOSEPH ARUANNO, #363
    Special Treatment Unit- Annex
    P.O. Box #CN905
    Avenel, NJ 07001

**CHESLER**, District Judge:

    Joseph Aruanno, who is civilly committed under the New Jersey Sexually Violent Predator Act, seeks to bring this action <u>in forma pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, as amended, this Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> and direct the Clerk to file the Complaint without prepayment of the filing fee.[1] <u>See</u> 28 U.S.C. § 1915(a). Having thoroughly reviewed Plaintiff's allegations, this Court will dismiss the Complaint for failure to state a claim upon which relief may be granted, without prejudice to the filing of an amended complaint stating a cognizable claim under 42 U.S.C. § 1983.

---

[1] This Court denied Plaintiff's first application and administratively terminated this case because Plaintiff's affidavit of poverty was deficient, without prejudice to reapplication. Because Plaintiff reapplied for <u>in forma pauperis</u> status, this Court is reopening the file.

# I. BACKGROUND

Plaintiff brings this action against Sgt. Allen, Paul Lagana, Officers LaRosa, Singletary, Sajack and Cifelli, George Hayman, and Dr. Merrill Main. Plaintiff asserts the following facts:

> On March-27-07 I was questioned about a sign that staff found in a yard window that said "strike," for which it must be noted that the residents had just ended a treatment refusal strike. Ironically which I did not participate in and had nothing to do with.
>
> After explaining I knew nothing about the sign I was grabbed by staff and handcuffed at which point I was taken to the court area to be questioned . . . . At one point I was left alone in the interrogation room while I heard them in the next room viewing the film at which point I heard Sgt. Allen state, "look, it was Zalinski, not Aruanno . . . we will lock him up anyway," for which they then proceeded to place me in lock-up, or solitary confinement where excessive physical force was used and where I was subjected to verbal abuse as well . . . .
>
> The entire time I was in lock-up they refused to allow me to have my legal papers, or any property at all, and denied me phone calls to my lawyers or the courts which brings claim one that I was denied access to the courts, my attorneys, etc.
>
> Claim two is the fact that this process denied me due process and equal protection, etc.
>
> Claim three is that when taken to lock-up I was strip searched which amounted to an illegal search. Especially considering they had no probable cause and found nothing illegal.
>
> Claim four is that they used excessive force which caused harm physically and mentally.
>
> And claim five is that because they clearly knew I did not place the sign in the window that their actions were in retaliation for other litigation which amounts to conspiracy.
>
> I submit this complaint as a retaliation complaint because the NJ Department of Corrections constantly threatens my life and retaliates with violence for my filing complaints in reply to the

> criminal conduct they engage in for which this occurred shortly after I complained about an incident to the NJ DOC that has since become Federal case #08-305 in the District Court of NJ.
>
> Also I was advised to make clear to this court that if it acts on this case without taking proper measures such as ordering the TRO, or Temporary Restraining Order, I request before notifying the defendants which includes the Marshal's service, will place my life and limb in jeopardy.

(Docket entry #1-2, pp. 1-2..)

## II. STANDARD FOR DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2)(B). The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

Addressing the clarifications as to the litigant's pleading requirement stated by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the district courts with guidance as to what pleadings are sufficient to pass muster under Rule 8. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). Specifically, the Court of Appeals observed as follows:

3

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' . . . ." Twombly, 127 S. Ct. at 1964-65 . . . ."[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966. [Hence] "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3.

Id. at 230-34 (original brackets removed).

This pleading standard was further refined by the United States Supreme Court in its recent decision Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555. [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements [, i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy '"because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [these] allegations . . . that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn [on] the discovery process. Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint asserts some wrongs] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause

>of action [and] affix[ing] the label "general allegation" [in hope of developing actual facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] which was applied to federal complaints before Twombly. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). Since Iqbal, the Third Circuit has required the district courts to conduct, with regard to Rule 8 allegations, a two-part analysis when reviewing a complaint for dismissal for failure to state a claim:

>First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [See Iqbal, 129 S. Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief" [in light of the definition of "plausibility" provided in Iqbal.] In other words, a complaint must do *more than allege the plaintiff's entitlement to relief*. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the *mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'"* Iqbal, [129 S. Ct. at 1949-50 (emphasis supplied)]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11 (emphasis supplied).

---

[2] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

5

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). With these precepts in mind, the Court will determine whether the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. DISCUSSION

Plaintiff, a civilly committed sexually violent predator, brings this Complaint against eight named individuals, designated as a sergeant, officers and a doctor, but he otherwise indicates nothing about who these individuals are, whether they are employed by the State of New Jersey, or whether they are officials at the facility wherein Plaintiff is confined. Using primarily the passive voice, Plaintiff makes conclusory statements about being placed in solitary confinement (for an unspecified period of time beginning March 27, 2007), being denied access to his legal papers and lawyers while housed in solitary confinement (without any elaboration), being the subject of "excessive force" (without describing what force was used or who used it, or providing any factual allegations or context), being retaliated against for bringing a complaint docketed in 08-305 (without providing any factual allegations linking any adverse action to Plaintiff's protected activity, or describing actual injury to the proceeding).[3] As the aforesaid

---

[3] For example, to establish standing for an access to courts claim, plaintiffs must assert "(1) that they suffered an actual injury - that they lost a chance to pursue a nonfrivolous or arguable underlying claim; and (2) that they have no other remedy that may be awarded as recompense for the lost claim other than in the present denial of access suit." Monroe v. Beard, 536 F. 3d 198, 205 (3d Cir. 2008) (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)) (internal quotation marks omitted). To state a First Amendment retaliation claim under 42 U.S.C. § 1983, a plaintiff must assert facts showing that ""1) the conduct in which he was engaged was constitutionally protected; 2) he suffered 'adverse action' at the hands of . . . officials; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decision to [take adverse action]." Carter v. McGrady, 292 F. 3d 152, 158 (3d Cir. 2002)

(continued...)

indicates, this Complaint is woefully deficient under Iqbal in that it is chock-full of conclusions and singularly lacking in facts.

Moreover, aside from listing the named individuals as defendants in the caption, with the exception of Sgt. Allen[4], nowhere in Plaintiff's submissions does Plaintiff even mention the defendants by name or show how they were involved in any allegedly unconstitutional conduct. "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948. Similarly, government officials cannot be found liable under § 1983 as supervisors on the basis of their alleged knowledge and acquiescence in the wrongdoing of subordinates. Id.

Because Plaintiff fails to plead facts showing any constitutional violation by any defendant, Iqbal mandates dismissal of the Complaint for failure to state a claim upon which relief may be granted. See Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); Zasquez v. Dwyer, 2010 WL 1619263 at *1 (3d Cir. Apr. 22, 2010) (affirming dismissal of claim where "Vasquez

---

[3](...continued)
(citation omitted). Moreover, placement of a civilly committed sexually violent predator in segregated confinement known as Temporary Close Custody does not violate due process unless the deprivation of liberty is in some way extreme. See Deavers v. Santiago, 243 Fed. App'x 719, 721 (3d Cir. 2007) (applying Sandin v. Conner, 515 U.S. 472 (1995), to segregated confinement of civilly committed sexually violent predators).

[4] The sole allegation with respect to Allen is that Plaintiff heard him saying "[i]t was Zalinski, not Aruanno ... we will lock him up anyway." (Docket entry 1-2 at p. 1.) The mere fact that Allen stated that officials will lock Aruanno up, without more, does not satisfy the Rule 8 pleading standard under Iqbal ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for [unconstitutional actions]").

has not pleaded any facts to support is conclusory allegation that [defendant] destroyed the file and did so willfully"). However, because a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility, and Plaintiff may be able to assert facts stating a cognizable claim under 42 U.S.C. § 1983 against at least one named defendant, the dismissal of the Complaint will be without prejudice to the filing of an amended complaint stating a cognizable claim under § 1983. See Grayson v. Mayview State Hosp., 293 F. 3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F. 3d 113, 117 (3d Cir. 2000).

## IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint, without prejudice to the filing of an amended complaint. The Court will enter an appropriate Order.

_____
STANLEY R. CHESLER, U.S.D.J.

Dated: _____, 2010